**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald A. Montgomery, | No. CV 11-1467-PHX-RCB (ECV) |
| Petitioner, | **ORDER** |
| vs. | |
| Deputy Warden Anna Jacobs, et al., | |
| Respondents. | |

Petitioner Donald A. Montgomery, who is confined in the Arizona State Prison Complex-Tucson in Tucson, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will require an answer to the Petition.

**I.     Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

**II.    Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR-2005-144471-001-DT, of possession of narcotic drugs, possession or use of marijuana, resisting arrest, and possession of drug paraphernalia. He was sentenced to concurrent sentences, the longest of

which was 12 years' imprisonment. In his Petition, Petitioner names Deputy Warden Anna Jacobs as Respondent and the Arizona Attorney General as an Additional Respondent.

Petitioner raises three grounds for relief:

(1) Petitioner suffered the ineffective assistance of trial counsel . . . [and] appellate counsel . . . in violation of Petitioner U.S. Constitutional 6 & 14 Amendment right to effective assistance of counsel pursuant to Stewart v. Smith and McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)."

(2) "Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution, thereby violating fundamental fairness, equal protection, and due process of law. Defendant's sentence is excessive and cruel. Defendant's fundamental right entitles him to the opportunity to fairly, and fully redress."

(3) "Petitioner suffered the ineffective assistance of trial counsel during the enhancement stage for a[n] aggravated sentence/appellant counsel/judicial misconduct/prosecutorial misconduct, in violation of Petitioner's U.S. Constitutional 6th Amendment right to effective assistance of counsel pursuant to Stewart v. Smith and Due Process 14th Amendment.

Petitioner contends that he has presented all of these issues to the Arizona Court of Appeals. The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

**III. Warnings**

**A. Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B. Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

. . . .

**C. Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(3) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 547 U.S. 198, 209-11 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(4) Petitioner may file a reply within 30 days from the date of service of the answer.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

(5) This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 28th day of July, 2011.

Robert C. Broomfield
Senior United States District Judge