IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald A. Montgomery,<br><br>    Petitioner,<br><br>vs.<br><br>Deputy Warden Anna Jacobs, et al.,<br><br>    Respondents. | No. CV 11-01467-PHX-RCB (SPL)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE ROBERT C. BROOMFIELD, SENIOR UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the Court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Donald A. Montgomery. Doc. 1. Following a jury trial in Maricopa County Superior Court in 2007, Petitioner was convicted of one count each of possession of narcotic drugs, possession or use of marijuana, resisting arrest and possession of drug paraphernalia. Doc. 12, Exh. X. The first offense was a class 4 felony under Arizona law and the remaining three were class 6 felonies. Id. On May 14, 2007, the trial court sentenced Petitioner to the Arizona Department of Corrections for an aggravated term of 12 years on the first offense and the presumptive term of 3.75 years on each of the remaining

three offenses[1], all to be served concurrently. Id. Also at the sentencing hearing, based on a stipulation by the parties, the trial court found that Petitioner had been convicted of two prior felony convictions, a misconduct involving weapons offense and a burglary offense.[2] Id.

On direct appeal, the Arizona Court of Appeals issued a Memorandum Decision on September 4, 2008, in which it affirmed Petitioner's convictions and sentences. Doc. 12, Exh. EE. Petitioner subsequently filed a petition for review to the Arizona Supreme Court, which was denied on January 27, 2009. Id.

On April 16, 2009, Petitioner, through counsel, filed a Petition for Post-Conviction Relief. Doc. 1, Exh. C. Petitioner argued that he received ineffective assistance of counsel when his trial counsel stipulated to a prior felony conviction that the State never alleged in its pretrial notice. Id. The State conceded the error and asked that the trial court vacate Petitioner's sentences and order a new sentencing hearing. Id. In a Minute Entry dated December 7, 2009, the trial court granted the petition for post-conviction relief and vacated Petitioner's sentences. Id.

The trial court held a new sentencing hearing on April 9, 2010, during which Petitioner did not stipulate to any prior convictions. Id. After hearing evidence, the trial court found that the State proved four prior felony convictions against Petitioner. Id. The court then imposed the same prison sentences it had previously imposed. Id.

Petitioner then filed a direct appeal following his resentencing. Petitioner's appointed counsel filed an Opening Brief on September 30, 2010, pursuant to Anders v. California, 386 U.S. 738 (1967). Doc. 12, Exh. NN. Counsel asserted that after reviewing the record, she found no non-frivolous issues to raise on appeal. Id. Counsel therefore requested that the

---

[1] As Respondents explain in their answer, the trial court mistakenly labeled the 3.75 year sentences as "aggravated." Doc. 12 at 6 n.7.

[2] The presentence report stated that Petitioner had been convicted of 11 prior felony offenses, presumably including the two felonies to which the parties stipulated.

1 Arizona Court of Appeals independently review the record in the case to determine if any
2 issues merited review. Id. Counsel further requested that the Court of Appeals allow
3 Petitioner to file a *pro se* supplemental brief, which the Court granted. Doc. 12, Exh.OO.
4 After Petitioner filed a supplemental brief, the Court of Appeals issued a Memorandum
5 Decision on February 24, 2011, in which it affirmed Petitioner's sentences. Doc. 12, Exh.
6 BBB. Petitioner did not file a petition for review in the Arizona Supreme Court. Id.

7 Petitioner also filed a Notice of Post-Conviction Relief following his resentencing.
8 Doc. 12, Exh. FF. Pursuant to Petitioner's request, the trial court ordered Petitioner to
9 represent himself in the post-conviction proceedings. Doc. 12, Exh. JJ. After a petition,
10 response and reply were filed, the trial court issued a decision on November 17, 2010. Doc.
11 12, Exh. UU. The court rejected Petitioner's claims that his previous post-conviction counsel
12 provided ineffective assistance when he failed to raise a double jeopardy challenge to
13 Petitioner's resentencing. Id. The court summarily dismissed the post-conviction petition.
14 Id. On January 20, 2011, Petitioner filed a petition for review in the Arizona Court of
15 Appeals. Doc. 12, Exh. YY. A review of the Arizona Court of Appeals website showed that
16 the petition for review remains pending as of this date.

17 Petitioner filed his Petition for Writ of Habeas Corpus in this Court on July 25, 2011.
18 Doc. 1. Petitioner alleges three grounds for relief. Petitioner alleges in ground one that his
19 trial counsel provided ineffective assistance in violation of the Sixth Amendment when he
20 stipulated to a prior felony conviction against Petitioner that had not been alleged by the
21 prosecution and for which Petitioner did not give consent.[3] In ground two, Petitioner alleges
22 that his sentence was excessive and cruel, in violation of the Fifth, Sixth, Eighth, Ninth and
23 Fourteenth Amendments. He first claims that his initial sentence was based on an erroneous
24 stipulation to prior felony convictions. He further contends that the Double Jeopardy Clause

---

[3] In identifying his claim, Petitioner also mentions his appellate counsel. Doc. 1 at 6. The several pages of supporting facts, however, focus only on trial counsel's actions and make no mention of appellate counsel. The Court will therefore treat this as a claim against trial counsel only.

- 3 -

was violated when he was resentenced after his original sentences were vacated. In ground three, Petitioner again alleges ineffective assistance of trial counsel at his sentencing. He further alleges judicial and prosecutorial misconduct. The District Court Judge screened the petition and directed Respondents to file an answer. Doc. 4. Respondents filed an Answer to Petition for Writ of Habeas Corpus, along with attachments, on December 5, 2011. Doc. 12. Petitioner then filed a Reply on January 3, 2012. Doc. 13.

On April 19, 2012, Petitioner filed a Motion for Discovery. Doc. 18. Respondents then filed a Response to Motion for Discovery and Petitioner filed a Reply. Doc. 19, 20.

## DISCUSSION

Respondents contend in their answer that even though a petition for review of the denial of a petition for post-conviction relief remains pending before the Arizona Court of Appeals, this Court should deny Petitioner's grounds for relief on the merits. They argue that he has failed to raise any colorable claims.

**A.      Merits Analysis of Claims**

**1.      Exhaustion of State Court Remedies**

In a habeas action under 28 U.S.C. § 2254, the court may decide a case on the merits even if a petitioner has not properly exhausted his state court remedies. See 28 U.S.C. § 2254(b)(2). However, "a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim." Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).

**2.      AEDPA Standard of Review**

Under the AEDPA[4], a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[4] Antiterrorism and Effective Death Penalty Act of 1996.

1  28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (O'Connor, J.,
2  concurring and delivering the opinion of the Court as to the AEDPA standard of review).
3  A federal court must accept the state court's factual findings unless they are objectively
4  unreasonable. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

5  A state court's decision is "contrary to" clearly established precedent if (1) "the state
6  court applies a rule that contradicts the governing law set forth in [Supreme Court] cases,"
7  or (2) "if the state court confronts a set of facts that are materially indistinguishable from a
8  decision of [the Supreme Court] and nevertheless arrives at a result different from [its]
9  precedent." Taylor, 529 U.S. at 405-06. "A state court's decision can involve an
10 'unreasonable application' of Federal law if it either (1) correctly identifies the governing rule
11 but then applies it to a new set of facts in a way that is objectively unreasonable, or (2)
12 extends or fails to extend a clearly established legal principle to a new context in a way that
13 is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002).
14 Thus, the "unreasonable application" clause requires the state court's application of Supreme
15 Court law to be more than incorrect or erroneous; it must be objectively unreasonable.
16 Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

20 Harrington v. Richter, 131 S.Ct. 770, 786-87 (2011).

21 "Clearly established Federal law" in § 2254(d)(1) refers to the holdings of the
22 Supreme Court's decisions (not dicta) in effect at the time the relevant state court decision
23 is issued. Lockyer, 538 U.S. at 71-72. "A legal principle is 'clearly established' within the
24 meaning of this provision only when it is embodied in a holding of this Court." Thaler v.
25 Haynes, 130 S.Ct. 1171 (2010).

26 "When applying these standards, the federal court should review the 'last reasoned
27 decision' by a state court ...." Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).
28 "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's

- 5 -

1 burden still must be met by showing there was no reasonable basis for the state court to deny
2 relief." Richter, 131 S.Ct. at 784.

### 3. Ground One

Petitioner alleges in ground one that his trial counsel provided ineffective assistance at his first sentencing hearing by stipulating to a prior conviction that had not been alleged by the prosecution and to which Petitioner did not consent. Petitioner, however, already raised, and prevailed on, this issue in the state court. During the first state post-conviction proceedings, the State conceded the error by counsel and the trial court granted relief by vacating Petitioner's sentences and holding a new sentencing hearing. Thus, Petitioner has already received the relief to which he was entitled for his trial counsel's ineffective assistance at his first sentencing hearing.

In addition, in Petitioner's direct appeal following the resentencing, the Arizona Court of Appeals addressed the fact that Petitioner was improperly raising claims pertaining to his trial and first sentencing. The Court explained that its review on appeal after the resentencing proceedings was limited to those proceedings, and that it would not address arguments regarding the trial and first sentencing. Doc. 12, Exh. BBB at 6-8.

Although the Court of Appeals relied on state law to conclude that its review was limited to the resentencing proceedings, Petitioner has presented nothing in his reply to show that the Court of Appeals decision is contrary to or an unreasonable application of United States Supreme Court law. Doc. 13. Nor has Petitioner shown that the decision was based on an unreasonable determination of the facts given the evidence presented in the state court. Because Petitioner has already been granted relief on the claim raised in ground one, and has failed to show that he is entitled to any further relief, the Court will recommend that ground one be denied.

**4.     Ground Two**

In ground two, Petitioner again raises arguments related to his initial sentence and how it was based on an erroneous stipulation to prior felony convictions. As explained in the previous section, those arguments are irrelevant in light of the relief he was granted. Petitioner also contends, however, that the Double Jeopardy Clause was violated when he was resentenced after his original sentences were vacated.

In addition to protecting against a second prosecution for the same offense, the Double Jeopardy Clause protects against multiple punishments for the same offense. Ohio v. Johnson, 467 U.S. 493, 498 (1984). Historically, however, the United States Supreme Court has found double jeopardy protections inapplicable to sentencing proceedings. Monge v. California, 524 U.S. 721, 728 (1998). It is well-established "that the guarantee against double jeopardy neither prevents the prosecution from seeking review of a sentence nor restricts the length of a sentence imposed upon retrial after a defendant's successful appeal." Id. at 730.

The Arizona Court of Appeals addressed Petitioner's double jeopardy argument in his direct appeal following the resentencing. Doc. 12, Exh. BBB at 5-6. Although the Court of Appeals relied on Arizona case law in rejecting Petitioner's double jeopardy claim, the decisions cited to are consistent with U.S. Supreme Court case law. The Court of Appeals explained that double jeopardy principles do not generally apply to sentencing proceedings and that it is well-settled that a defendant can be resentenced following a reversal of his original sentence. Doc. 12, Exh. BBB at 5-6.

Petitioner has presented nothing to demonstrate that the Arizona Court of Appeals decision denying his double jeopardy claim is contrary to or an unreasonable application of clearly established United States Supreme Court law. Nor has Petitioner shown that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court. Petitioner has, therefore, failed to satisfy the standard for habeas relief. As a result, the Court will recommend that ground two be denied.

**5.     Ground Three**

In ground three, Petitioner mostly argues the same issues raised in the first two grounds for relief. He again alleges ineffective assistance of trial counsel at his initial sentencing hearing. He further alleges judicial and prosecutorial misconduct, both related to his initial sentencing hearing.

As explained above, the Arizona Court of Appeals addressed the fact that most of what Petitioner alleged in his second direct appeal related to his trial and first sentencing, issues that could no longer be reviewed in light of his resentencing. The Court of Appeals further explained that even if it addressed his prosecutorial misconduct arguments, "they would be unavailing." Doc. 12, Exh. BBB at 7. The Court found no support in the record for Petitioner's assertion that the prosecutor knew his initial sentence was illegal. Id. The Court then reiterated that the prosecutor's failure to allege one of the prior convictions used to enhance Petitioner's original sentences resulted in those sentences being vacated. Thus, Petitioner obtained relief in the form of a new sentencing hearing.

Petitioner again fails to show anything improper about how the state court addressed the claims he now alleges in ground three. He has not demonstrated that the Arizona Court of Appeals decision on these claims is contrary to or an unreasonable application of clearly established United States Supreme Court law. Nor has he shown that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court. Based on his failure to satisfy the standard for habeas relief, the Court will recommend that ground three be denied.

**B.     Motion for Discovery**

In his motion for discovery, Petitioner asks the Court to allow him to submit four interrogatories to Respondents. Doc. 18 at 5. Discovery is available in a § 2254 habeas case only in the discretion of the court and upon a showing of good cause. Sivak v. Hardison, 658 F.3d 898, 927 (9th Cir. 2011). Here, the Court finds that answers to the interrogatories would have no bearing on the Court's analysis or recommendation. In addition, Petitioner waited

1  until months after briefing was completed to even make the request. Having failed to show
2  good cause for the discovery request, the Court will recommend that it be denied.

3  **C.     Conclusion**

4  In reaching the merits of Petitioner's claims pursuant to 28 U.S.C. § 2254(b)(2), the
5  Court finds that Petitioner's three grounds for relief fail to satisfy the standards for federal
6  habeas relief and that he has failed to raise even a colorable claim for relief. The Court will
7  therefore recommend that the habeas petition be denied and dismissed with prejudice.

9  **IT IS THEREFORE RECOMMENDED:**

10  That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be
11  **DENIED** and **DISMISSED WITH PREJUDICE**; and

12  That the Motion for Discovery (Doc. 18) be **denied**.

13  **IT IS FURTHER RECOMMENDED**:

14  That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal
15  be **DENIED** because Petitioner has not made a substantial showing of the denial of a
16  constitutional right.

17  This recommendation is not an order that is immediately appealable to the Ninth
18  Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
19  Appellate Procedure, should not be filed until entry of the district court's judgment. The
20  parties shall have 14 days from the date of service of a copy of this recommendation within
21  which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R.
22  Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response
23  to the objections.

24  Failure to timely file objections to the Magistrate Judge's Report and Recommendation
25  may result in the acceptance of the Report and Recommendation by the district court without
26  further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).
27  Failure to timely file objections to any factual determinations of the Magistrate Judge will
28  be considered a waiver of a party's right to appellate review of the findings of fact in an order

1 of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ.
2 P. 72.

3      **DATED** this 27th day of June, 2012.

_____
Steven P. Logan
United States Magistrate Judge