WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Donald A. Montgomery,          )
                               )
                Petitioner,    )      No. CIV 11-01467-PHX-RCB(SPL)
                               )
          vs.                  )             O R D E R
                               )
Deputy Warden Anna Jacobs,     )
     *et al.*,                 )
                               )
                Respondents.   )
_____)

     Pending before this court is a Petition for Writ of Habeas Corpus relief brought pursuant to 28 U.S.C. § 2254 filed by petitioner *pro se* Donald A. Montgomery (Doc. 1).  Petitioner is seeking a "remand" to Arizona state court for re-sentencing without taking into account any prior convictions.  See, e.g., Pet. (Doc. 1) at 12.  Also pending is petitioner's motion for discovery (Doc. 18), filed on April 19, 2012, while the petition was pending before Magistrate Judge Steven P. Logan.

     In his Report and Recommendation ("R & R") filed June 27, 2012, the Magistrate Judge recommends: (1) denying the petition with prejudice; (2) denying the discovery motion; (3) denying

1   the Certificate of Appealability; and (4) denying petitioner

2   leave to proceed *in forma pauperis* on appeal.  R & R (Doc. 21)

3   at 9:10-16.  On July 6, 2012, petitioner timely filed objections

4   (Doc. 22).  Respondents did not file any objections.

5       In accordance with 28 U.S.C. § 636(b)(1), when reviewing a

6   R & R, this court "may accept, reject or modify, in whole or in

7   part, the findings or recommendations made by the [M]agistrate."

8   28 U.S.C. § 636(b)(1).  That statute "makes it clear that the

9   district judge must review the magistrate judge's findings and

10  recommendations de novo *if objection is made*, but not

11  otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121

12  (9th Cir. 2003) (*en banc*) (emphasis in original).  Thus, as 28

13  U.S.C. § 636(b)(1)(C) requires, this court has made "a de novo

14  determination of those portions of the report . . . to which"

15  petitioner objected.  See 28 U.S.C. § 636(b)(1)(C).  Having

16  conducted such a review, for the reasons set forth below, the

17  court adopts the Report and Recommendation in its entirety.

### *Background*

19      The background as recited in the R & R is uncontested.  As

20  such, the court incorporates that background by reference and

21  adopts the same as if fully set forth herein.

### *Discussion*

23      When the Magistrate Judge issued the R & R, petitioner's

24  petition for post-conviction relief as to his re-sentencing was

25  pending before the Arizona Court of Appeals, where it remains

26  pending as July 27, 2012, the date of the filing and entry of

27  this order.  http://apps.supremecourt.azgov/aacc/1ca - 1CA-CR

28  11-0051 PRPC (last visited July 27, 2012).  Under these

1   circumstances, the Magistrate Judge correctly stated:  "'[A]
2   federal court may deny an unexhausted petition on the merits
3   only when it is perfectly clear that the applicant does not
4   raise even a colorable claim.'" R & R (Doc. 21) at 4:18-19
5   (quoting Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir.
6   2005)).  The R & R also accurately recites federal habeas relief
7   may only be granted when state court proceedings:  "(1) resulted
8   in a decision that was contrary to, or involved an unreasonable
9   application of, clearly established Federal law, as determined
10  by the Supreme Court of the United States; or (2) resulted in
11  a decision that was based on an unreasonable determination of
12  the facts in light of the evidence presented in the State court
13  proceeding." See  id. at 4:24-5:1 (citing, inter alia, 28
14  U.S.C. § 2251(d)).  The Supreme Court has clarified, as the
15  Magistrate Judge further pointed out, that even an erroneous or
16  incorrect application of clearly established federal law does
17  not support a habeas grant, unless the state court's application
18  was "objectively unreasonable." Lockyer v. Andrade, 538 U.S.
19  63, 75-76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).
20  *I.  Ineffective Assistance of Counsel*
21      Guided by these standards, the Magistrate Judge recommends
22  denying petitioner's first ground for habeas relief, wherein
23  petitioner claims ineffective assistance of counsel in violation
24  of the Sixth Amendment.  Petitioner claims ineffective
25  assistance of counsel because at his sentencing hearing, and
26  without his consent, his trial counsel stipulated to prior
27  convictions.  In seeking habeas relief on this basis, petitioner
28

1  does not take into account, as the Magistrate Judge soundly and
2  accurately reasoned, that petitioner has "already received the
3  relief to which he was entitled for his trial counsel's
4  ineffective assistance at his first sentencing hearing."  R &
5  R (Doc. 21) at 6:10-11.

6      In particular, after his sentencing, petitioner was
7  successful in seeking post-conviction relief.  The trial court
8  vacated petitioner's original sentence conducted a new
9  sentencing hearing.  After the re-sentencing hearing, where
10  there was no stipulation to prior convictions, petitioner was
11  sentenced to the same sentence previously imposed, *i.e.*, an
12  aggravated term of 12 years on the class 4 felony and the
13  presumptive term of 3.75 years on each of the remaining three
14  offenses, all to be served concurrently.  See Pet., exh. I
15  thereto (Doc. 1-2) at 59:9-15.[1]

16      Not only has petitioner already received the relief which
17  he is seeking in the pending petition, but as the R & R also
18  notes, in petitioner's direct appeal after re-sentencing, the
19  Arizona Court of Appeals held, based upon state law, that its
20  review was limited to the re-sentencing proceedings.  R & R
21  (Doc. 21) at 6:14-16 (citing Doc. 12 [Ans.], Exh. BBB (Doc. 12-
22  3) at 6-8).  Therefore, that Court did not address petitioner's
23  arguments which "focus[ed] entirely on his trial and first
24  sentencing.  Ans. (Doc. 12), exh. BBB (Doc. 12-3) thereto at 7
25  ¶ 11.

26  _____

27      [1]   The Arizona Court of Appeals, Division One, affirmed petitioner's
sentences. Ans., exh. BBB thereto (Doc. 12-3). No petition for review was
28  filed in the Arizona Supreme Court.

1    The R & R recognizes that "the Court of Appeals relied on

2  state law to conclude that its review was limited to the

3  resentencing proceedings[.]" Id. at 6:17-18; see also Ans., exh.

4  BBB thereto (Doc. 12-3) at 7, ¶ 11.  Significantly, however, the

5  R & R correctly states that:

6              Petitioner has presented nothing in
             his reply to show that the Court
7             of Appeals decision is contrary
             to or an unreasonable application of United
8             States Supreme Court law. . . . Nor has
             Petitioner shown that the decision was
9             based on an unreasonable determination
             of the facts given the evidence presented
10            in the state court.

11 R & R (Doc. 21) at 6:18-21 (citation omitted).  Concluding, the

12 R & R found that "[b]ecause Petitioner has already been granted

13 relief on the claim raised in ground one, and has failed to show

14 that he is entitled to any further relief," it recommend denial

15 of habeas relief based upon ground one.  Id. at 6:22-24.

16    Petitioner lists four objections to this first

17 recommendation.  None have merit, as will readily become

18 apparent.  Initially, petitioner complains that the Arizona

19 Court of Appeals "chose not [to] review [his] ineffective

20 assistance of counsel cliam's [sic] on direct appeal[]."  Obj.

21 (Doc. 22) at 3:20-21.  As explained above though, petitioner has

22 not shown that declining such a review somehow entitles him to

23 habeas relief under 28 U.S.C. § 2254.  Moreover, petitioner does

24 not in any way expand upon the basis for this objection, which

25 on its face has no validity.

26    Second, petitioner objects stating only that "Sixth

27 Amendment violations are properly raise[d] in the District

28

1    Co[u]rt on habeas corpus." Id. at 3:21-24 (citation omitted).

2    The court fails to see how this statement raises a proper

3    objection to the R & R.  This is especially so considering that

4    nowhere in the R & R does it indicate to the contrary, *i.e.,*

5    that petitioner's alleged Sixth Amendment violation is not

6    properly before this court.  Rather, the R & R properly found

7    no merit to petitioner's ineffective assistance of counsel

8    claim.

9        Third, petitioner objects because "the trial court applyed

10   [sic] Strickland [v.] Washington, 466 U.S. at 688, 104 S.Ct.

11   2052 'unreasonable.'" Id. at 3:25-26.  Petitioner does not

12   expand in any way upon the basis for this objection, and its

13   exact nature is unclear.  Perhaps petitioner is arguing that his

14   re-sentencing was unreasonable.  If so, petitioner has utterly

15   failed to met his burden in this regard as well.

16       Petitioner's fourth objection is that he "is entitled to

17   further" unspecified "relief."  Obj. (Doc. 22) at 3 - 4:1.

18   This, too, is not a valid objection to any of the Magistrate

19   Judge's findings or recommendations.

20       In short, there is no merit to any of petitioner's

21   objections to the R & R's recommendation to deny his first

22   ground for habeas relief.

23   **II.  *"Excessive and Cruel" Sentence***

24       The petition contains a second ground for habeas relief.

25   It broadly alleges violations of "fundamental fairness, equal

26   protection and due process" in violation of the Fifth, Sixth,

27   Eighth, Ninth and Fourteenth amendments of the  United States

28

Constitution.  Pet. (Doc. 1) at 13.  Ground two also encompasses petitioner's claim that his sentence was "excessive and cruel." Id. As with ground one, the primary factual basis for the foregoing is petitioner's claim that "his initial sentence was based on an erroneous stipulation of prior felony convictions." See R & R (Doc. 21) at 3:23-24.  Ground two also includes a claim that petitioner's re-sentencing violated the Double Jeopardy Clause.

As to the petitioner's arguments regarding his initial sentence, and "how it was based on an erroneous stipulation to prior felony convictions[,]" the Magistrate Judge found "those arguments [to be] irrelevant in light of the relief [petitioner] was granted." Id. at 7:2-4.  Further, after correctly analyzing petitioner's Double Jeopardy claim, the Magistrate Judge found that petitioner "presented nothing to demonstrate that the Arizona Court of Appeals [sic] decision denying his double jeopardy claims is contrary to or an unreasonable application of clearly established United States Supreme Court law." Id. at 7:22-24.

Indeed, now petitioner concedes the inapplicability of the Double Jeopardy Clause. See Obj. (Doc. 22) at 4:8-9.  Thus, at this juncture petitioner's only objection regarding ground two is that his sentence is "excessive and cruel[.]" Id. at 4:6. Petitioner offers no basis whatsoever for this objection, however, and the court finds it, too, to be without merit.

### III. Other Sentencing Issues

Ground three of the petition is another iteration of

1  petitioner's ineffective assistance of trial counsel at his

2  initial sentencing.  This ground also includes allegations of

3  judicial and prosecutorial misconduct, both related to his

4  initial sentencing.

5      After carefully reviewing both ground three of the petition

6  and the R & R addressing that ground, this court hereby adopts

7  the Magistrate Judge's factual findings and legal conclusions

8  in that regard.  See R & R (Doc. 21) at 8:2-20.  Accordingly,

9  it agrees with the Magistrate Judge that ground three provides

10 no basis for granting habeas relief pursuant to 28 U.S.C. §

11 2254.  See id. at 8:20-21.

12     Because "it is perfectly clear that [petitioner] does not

13 raise even a colorable federal claim[,]" in his unexhausted

14 petition, the court adopts the Magistrate Judge's R & R and

15 denies this petition with prejudice.  See Cassett, 406 F.3d at

16 623-24.

17 **_IV.  Discovery_**

18     Petitioner's discovery motion seeks permission to propound

19 four interrogatories upon respondents.  See Mot. (Doc. 18) at

20 5.  Citing to Sivak v. Hardison, 658 F.3d 898, 927 (9th Cir.

21 2011), the Magistrate Judge correctly stated, "[d]iscovery is

22 available in a § 2254 habeas case only in the discretion of the

23 court and upon a showing of good cause."  R & R (Doc. 21) at

24 8:24-26.  Finding "that answers to the interrogatories would

25 have no bearing on the Court's analysis of recommendation[,]"

26 and because "[p]etitioner waited until months after briefing was

27 completed to even make the request[,]" the Magistrate Judge

28

1    recommends denying this motion.  Id. at 8:26-9:2.

2        Petitioner objects asserting that the "facts" sought

3    through those interrogatories "sup[p]ort . . . his ineffective

4    assistance cl[ai]m[,]" and his "entitle[ment] to further

5    relief."  Obj. (Doc. 22) at 4:21-23.  There is nothing in the

6    record before this court supporting that bald objection,

7    however.  Consequently, the court agrees with and adopts the

8    Magistrate Judge's factual findings and legal conclusions and

9    denies petitioner's discovery motion.

10   **V.   *Certificate of Appealability/In Forma Pauperis Status***

11       Lastly, "because [p]etitioner [did] not ma[k]e a

12   substantial showing of the denial of a constitutional right[,]"

13   the Magistrate Judge recommends denying a certificate of

14   appealability and denying petitioner leave to proceed *in forma*

15   *pauperis* on appeal.  R & R (Doc. 21) at 9:14-16.  Plaintiff's

16   mere disagreement with this finding, without more, does not

17   warrant a different finding by this court.  See Obj. (Doc. 22)

18   at 4:24-5:5.  Thus, the court agrees with the Magistrate Judge's

19   recommendation in this regard.

20                           *Conclusion*

21       To summarize, and for the reasons set forth above, **IT IS**

22   **HEREBY ORDERED** that:

23       (1) United States Magistrate Judge Logan's Report and

24   Recommendation (Doc. 21) is **ADOPTED** [as the findings of fact and

25   conclusions of law by this court];

26       (2) the Petition for Writ of Habeas Corpus (Doc. 1) is

27   **DENIED;**

28

1    (3) plaintiff's "Motion for an [sic] Request For Discovery
2  Habeas Corpus Cases Rule 6" (Doc. 18) is **DENIED;**

3    (4) a Certificate of Appealability and leave to proceed *in*
4  *forma pauperis* on appeal is **DENIED;** and

5    (5) that the Clerk of the Court shall enter judgment in
6  accordance with this Order **DISMISSING** this petition **WITH**
7  **PREJUDICE.**

8    DATED this _27th_ day of July, 2012.

9

10

11

12    _____
         Robert C. Broomfield
13         Senior United States District Judge

14

15  Copies to counsel of record and petitioner *pro se*

16

17

18

19

20

21

22

23

24

25

26

27

28