WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Donald A. Montgomery, | ) | |
| | ) | |
| Petitioner, | ) | No. CIV 11-01467-PHX-RCB(SPL) |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| Deputy Warden Anna Jacobs, | ) | |
| *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Pending before this court is a Petition for Writ of Habeas Corpus relief brought pursuant to 28 U.S.C. § 2254 filed by petitioner *pro se* Donald A. Montgomery (Doc. 1).  Petitioner is seeking a "remand" to Arizona state court for re-sentencing without taking into account any prior convictions.  See, e.g., Pet. (Doc. 1) at 12.  Also pending is petitioner's motion for discovery (Doc. 18), filed on April 19, 2012, while the petition was pending before Magistrate Judge Steven P. Logan.

In his Report and Recommendation ("R & R") filed June 27, 2012, the Magistrate Judge recommends: (1) denying the petition with prejudice; (2) denying the discovery motion; (3) denying

the Certificate of Appealability; and (4) denying petitioner leave to proceed *in forma pauperis* on appeal. R & R (Doc. 21) at 9:10-16. On July 6, 2012, petitioner timely filed objections (Doc. 22). Respondents did not file any objections.

In accordance with 28 U.S.C. § 636(b)(1), when reviewing a R & R, this court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the [M]agistrate." 28 U.S.C. § 636(b)(1). That statute "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). Thus, as 28 U.S.C. § 636(b)(1)(C) requires, this court has made "a de novo determination of those portions of the report . . . to which" petitioner objected. See 28 U.S.C. § 636(b)(1)(C). Having conducted such a review, for the reasons set forth below, the court adopts the Report and Recommendation in its entirety.

## ***Background***

The background as recited in the R & R is uncontested. As such, the court incorporates that background by reference and adopts the same as if fully set forth herein.

## ***Discussion***

When the Magistrate Judge issued the R & R, petitioner's petition for post-conviction relief as to his re-sentencing was pending before the Arizona Court of Appeals, where it remains pending as July 27, 2012, the date of the filing and entry of this order. http://apps.supremecourt.azgov/aacc/1ca - 1CA-CR 11-0051 PRPC (last visited July 27, 2012). Under these

1  circumstances, the Magistrate Judge correctly stated:  "'[A]
2  federal court may deny an unexhausted petition on the merits
3  only when it is perfectly clear that the applicant does not
4  raise even a colorable claim.'" R & R (Doc. 21) at 4:18-19
5  (quoting Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir.
6  2005)).  The R & R also accurately recites federal habeas relief
7  may only be granted when state court proceedings:  "(1) resulted
8  in a decision that was contrary to, or involved an unreasonable
9  application of, clearly established Federal law, as determined
10 by the Supreme Court of the United States; or (2) resulted in
11 a decision that was based on an unreasonable determination of
12 the facts in light of the evidence presented in the State court
13 proceeding."  See   id. at 4:24-5:1 (citing, *inter alia*, 28
14 U.S.C. § 2251(d)).  The Supreme Court has clarified, as the
15 Magistrate Judge further pointed out, that even an erroneous or
16 incorrect application of clearly established federal law does
17 not support a habeas grant, unless the state court's application
18 was "objectively unreasonable."  Lockyer v. Andrade, 538 U.S.
19 63, 75-76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

20 *I.  Ineffective Assistance of Counsel*

21    Guided by these standards, the Magistrate Judge recommends
22 denying petitioner's first ground for habeas relief, wherein
23 petitioner claims ineffective assistance of counsel in violation
24 of the Sixth Amendment.  Petitioner claims ineffective
25 assistance of counsel because at his sentencing hearing, and
26 without his consent, his trial counsel stipulated to prior
27 convictions.  In seeking habeas relief on this basis, petitioner

28

does not take into account, as the Magistrate Judge soundly and accurately reasoned, that petitioner has "already received the relief to which he was entitled for his trial counsel's ineffective assistance at his first sentencing hearing."  R & R (Doc. 21) at 6:10-11.

In particular, after his sentencing, petitioner was successful in seeking post-conviction relief.  The trial court vacated petitioner's original sentence conducted a new sentencing hearing.  After the re-sentencing hearing, where there was no stipulation to prior convictions, petitioner was sentenced to the same sentence previously imposed, _i.e._, an aggravated term of 12 years on the class 4 felony and the presumptive term of 3.75 years on each of the remaining three offenses, all to be served concurrently.  See Pet., exh. I thereto (Doc. 1-2) at 59:9-15.[1]

Not only has petitioner already received the relief which he is seeking in the pending petition, but as the R & R also notes, in petitioner's direct appeal after re-sentencing, the Arizona Court of Appeals held, based upon state law, that its review was limited to the re-sentencing proceedings.  R & R (Doc. 21) at 6:14-16 (citing Doc. 12 [Ans.], Exh. BBB (Doc. 12-3) at 6-8).  Therefore, that Court did not address petitioner's arguments which "focus[ed] entirely on his trial and first sentencing.  Ans. (Doc. 12), exh. BBB (Doc. 12-3) thereto at 7 ¶ 11.

---

[1]     The Arizona Court of Appeals, Division One, affirmed petitioner's sentences. Ans., exh. BBB thereto (Doc. 12-3). No petition for review was filed in the Arizona Supreme Court.

1    The R & R recognizes that "the Court of Appeals relied on
2   state law to conclude that its review was limited to the
3   resentencing proceedings[.]" Id. at 6:17-18; see also Ans., exh.
4   BBB thereto (Doc. 12-3) at 7, ¶ 11.  Significantly, however, the
5   R & R correctly states that:

6               Petitioner has presented nothing in
                his reply to show that the Court
7               of Appeals decision is contrary
                to or an unreasonable application of United
8               States Supreme Court law. . . . Nor has
                Petitioner shown that the decision was
9               based on an unreasonable determination
                of the facts given the evidence presented
10              in the state court.

11  R & R (Doc. 21) at 6:18-21 (citation omitted).  Concluding, the
12  R & R found that "[b]ecause Petitioner has already been granted
13  relief on the claim raised in ground one, and has failed to show
14  that he is entitled to any further relief," it recommend denial
15  of habeas relief based upon ground one.  Id. at 6:22-24.

16       Petitioner lists four objections to this first
17  recommendation.   None have merit, as will readily become
18  apparent.   Initially, petitioner complains that the Arizona
19  Court of Appeals "chose not [to] review [his] ineffective
20  assistance of counsel cliam's [sic] on direct appeal[]."  Obj.
21  (Doc. 22) at 3:20-21.  As explained above though, petitioner has
22  not shown that declining such a review somehow entitles him to
23  habeas relief under 28 U.S.C. § 2254.  Moreover, petitioner does
24  not in any way expand upon the basis for this objection, which
25  on its face has no validity.

26       Second, petitioner objects stating only that "Sixth
27  Amendment violations are properly raise[d] in the District

28

- 5 -

1  Co[u]rt on habeas corpus." Id. at 3:21-24 (citation omitted).

2  The court fails to see how this statement raises a proper

3  objection to the R & R.  This is especially so considering that

4  nowhere in the R & R does it indicate to the contrary, *i.e.,*

5  that petitioner's alleged Sixth Amendment violation is not

6  properly before this court.  Rather, the R & R properly found

7  no merit to petitioner's ineffective assistance of counsel

8  claim.

9      Third, petitioner objects because "the trial court applyed

10 [sic] Strickland [v.] Washington, 466 U.S. at 688, 104 S.Ct.

11 2052 'unreasonable.'" Id. at 3:25-26.  Petitioner does not

12 expand in any way upon the basis for this objection, and its

13 exact nature is unclear.  Perhaps petitioner is arguing that his

14 re-sentencing was unreasonable.  If so, petitioner has utterly

15 failed to met his burden in this regard as well.

16     Petitioner's fourth objection is that he "is entitled to

17 further" unspecified "relief."  Obj. (Doc. 22) at 3 - 4:1.

18 This, too, is not a valid objection to any of the Magistrate

19 Judge's findings or recommendations.

20     In short, there is no merit to any of petitioner's

21 objections to the R & R's recommendation to deny his first

22 ground for habeas relief.

23 **II.  *"Excessive and Cruel" Sentence***

24     The petition contains a second ground for habeas relief.

25 It broadly alleges violations of "fundamental fairness, equal

26 protection and due process" in violation of the Fifth, Sixth,

27 Eighth, Ninth and Fourteenth amendments of the  United States

28

Constitution.  Pet. (Doc. 1) at 13.  Ground two also encompasses petitioner's claim that his sentence was "excessive and cruel." Id. As with ground one, the primary factual basis for the foregoing is petitioner's claim that "his initial sentence was based on an erroneous stipulation of prior felony convictions." See R & R (Doc. 21) at 3:23-24.  Ground two also includes a claim that petitioner's re-sentencing violated the Double Jeopardy Clause.

As to the petitioner's arguments regarding his initial sentence, and "how it was based on an erroneous stipulation to prior felony convictions[,]" the Magistrate Judge found "those arguments [to be] irrelevant in light of the relief [petitioner] was granted." Id. at 7:2-4.  Further, after correctly analyzing petitioner's Double Jeopardy claim, the Magistrate Judge found that petitioner "presented nothing to demonstrate that the Arizona Court of Appeals [sic] decision denying his double jeopardy claims is contrary to or an unreasonable application of clearly established United States Supreme Court law." Id. at 7:22-24.

Indeed, now petitioner concedes the inapplicability of the Double Jeopardy Clause. See Obj. (Doc. 22) at 4:8-9.  Thus, at this juncture petitioner's only objection regarding ground two is that his sentence is "excessive and cruel[.]" Id. at 4:6. Petitioner offers no basis whatsoever for this objection, however, and the court finds it, too, to be without merit.

### III. Other Sentencing Issues

Ground three of the petition is another iteration of

petitioner's ineffective assistance of trial counsel at his
initial sentencing.  This ground also includes allegations of
judicial and prosecutorial misconduct, both related to his
initial sentencing.

After carefully reviewing both ground three of the petition
and the R & R addressing that ground, this court hereby adopts
the Magistrate Judge's factual findings and legal conclusions
in that regard.  See R & R (Doc. 21) at 8:2-20.  Accordingly,
it agrees with the Magistrate Judge that ground three provides
no basis for granting habeas relief pursuant to 28 U.S.C. §
2254.  See id. at 8:20-21.

Because "it is perfectly clear that [petitioner] does not
raise even a colorable federal claim[,]" in his unexhausted
petition, the court adopts the Magistrate Judge's R & R and
denies this petition with prejudice.  See Cassett, 406 F.3d at
623-24.

## IV.  Discovery

Petitioner's discovery motion seeks permission to propound
four interrogatories upon respondents.  See Mot. (Doc. 18) at
5.  Citing to Sivak v. Hardison, 658 F.3d 898, 927 (9th Cir.
2011), the Magistrate Judge correctly stated, "[d]iscovery is
available in a § 2254 habeas case only in the discretion of the
court and upon a showing of good cause."  R & R (Doc. 21) at
8:24-26.  Finding "that answers to the interrogatories would
have no bearing on the Court's analysis of recommendation[,]"
and because "[p]etitioner waited until months after briefing was
completed to even make the request[,]" the Magistrate Judge

1    recommends denying this motion.  Id. at 8:26-9:2.

2        Petitioner objects asserting that the "facts" sought

3    through those interrogatories "sup[p]ort . . . his ineffective

4    assistance cl[ai]m[,]" and his "entitle[ment] to further

5    relief." Obj. (Doc. 22) at 4:21-23.  There is nothing in the

6    record before this court supporting that bald objection,

7    however.  Consequently, the court agrees with and adopts the

8    Magistrate Judge's factual findings and legal conclusions and

9    denies petitioner's discovery motion.

10   ***V.   Certificate of Appealability/In Forma Pauperis Status***

11       Lastly, "because [p]etitioner [did] not ma[k]e a

12   substantial showing of the denial of a constitutional right[,]"

13   the Magistrate Judge recommends denying a certificate of

14   appealability and denying petitioner leave to proceed *in forma*

15   *pauperis* on appeal.  R & R (Doc. 21) at 9:14-16.  Plaintiff's

16   mere disagreement with this finding, without more, does not

17   warrant a different finding by this court.  See Obj. (Doc. 22)

18   at 4:24-5:5.  Thus, the court agrees with the Magistrate Judge's

19   recommendation in this regard.

20                            ***Conclusion***

21       To summarize, and for the reasons set forth above, **IT IS**

22   **HEREBY ORDERED** that:

23       (1) United States Magistrate Judge Logan's Report and

24   Recommendation (Doc. 21) is **ADOPTED** [as the findings of fact and

25   conclusions of law by this court];

26       (2) the Petition for Writ of Habeas Corpus (Doc. 1) is

27   **DENIED;**

28

                                - 9 -

(3) plaintiff's "Motion for an [sic] Request For Discovery Habeas Corpus Cases Rule 6" (Doc. 18) is **DENIED;**

(4) a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is **DENIED;** and

(5) that the Clerk of the Court shall enter judgment in accordance with this Order **DISMISSING** this petition **WITH PREJUDICE.**

DATED this 27th day of July, 2012.


Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and petitioner *pro se*